[Cite as *State v. Eliyas*, 2026-Ohio-1682.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                   Court of Appeals No. {39}H-25-013

      Appellee                             Trial Court No. CRI 20250102

v.

Steven L. Eliyas                                **DECISION AND JUDGMENT**

      Appellant                            Decided: May 8, 2026

* * * * *

James Joel Sitterly, Prosecutor for appellee.

John T. Forristal, for appellant.

* * * * *

**OSOWIK, P.J.,**

{¶ 1} This is an appeal of an April 29, 2025 judgment of the Huron County Court of Common Pleas, convicting appellant on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree, and sentencing him to an indefinite term of incarceration, ranging from a minimum term of five years to a maximum term of seven and one-half years, ordered to run concurrent with the term of incarceration imposed in a separate conviction in Erie County.

{¶ 2} For the reasons set forth below, this court affirms the judgment of the trial court, in part, reverses, in part, and remands the case for resentencing, to be done in conformity with the R.C. 2929.19(B)(2)(c) Tokes mandatory sentencing advisements.

{¶ 3} Appellant, Steven L. Eliyas, sets forth the following three assignments of error:

1: [Appellant's] sentence was contrary to law because the trial court failed to comply with R.C. 2929.19(B)(2)(c).

2: [Appellant's] due process rights were violated when the State informed the jury of the punishment received by [the] co-defendant [for conviction of the same offense].

3: [It was] ineffective assistance of counsel for failure to request a mistrial [due to the jury being informed of the plea agreement and punishment received by the co-defendant].

*Case Background*

{¶ 4} The following facts are derived from the record of evidence presented to the trial court. On March 15, 2024, Trooper Gockstetter ("Gockstetter") of the Ohio State Highway Patrol ("OSHP") was traveling on Route 20 in Norwalk Township when she observed a vehicle driven by co-defendant Eric Overmyer ("Overmyer") traveling at a high rate of speed. Steven L. Eliyas ("appellant"), Overmyer's partner at the time, was a passenger in the vehicle.

2.

{¶ 5} Following her observation of the speeding vehicle, Gockstetter activated her speed radar, which clocked Overmyer travelling at 75 mph in a 55 mph speed zone. Accordingly, Gockstetter conducted a traffic stop.

{¶ 6} During the traffic stop, Gockstetter observed multiple indicia of driving while under impairment exhibited by Overmyer; including small pupils, red eyes, slurred speech, excess stimulation, and exaggerated movements. Given these observations, Gockstetter removed Overmyer from the vehicle and performed field sobriety tests, which Overmyer failed. Following Overmyer's failure of field sobriety tests, Gockstetter conducted a search of his person. A small bag of methamphetamines was recovered from Overmyer's person, after which he acknowledged that he was driving while under the influence of methamphetamines.

{¶ 7} At this juncture, appellant was removed from the vehicle, in order to conduct a search of the motor vehicle. During the search, a second, large bag containing 25g of methamphetamines was recovered in plain sight, located directly under appellant's passenger seat, immediately adjacent to a bag of appellant's clothes.

*Indictment, Jury Trial, Sentencing*

{¶ 8} On July 19, 2024, appellant was indicted on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the second degree, and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree.

3.

{¶ 9} On April 23, 2025, the matter proceeded to jury trial. At the outset, the State dismissed the aggravated trafficking offense, and proceeded to trial solely on the aggravated possession offense. On April 24, 2025, appellant was found guilty.

{¶ 10} On April 29, 2025, appellant was sentenced to an indefinite term of incarceration, ranging from a minimum term of five years to a maximum term of seven and one-half years, holding in relevant part, "[O]n Count 2, aggravated possession of drugs, the court is going to impose a five-year prison sentence. That could be extended as high as seven and a half years. . . Because the defendant has not previously served a prison sentence, I'm not going to make that sentence consecutive, so that will run [concurrent with] your Erie County case sentence." This appeal ensued.

*First Assignment: Concession of Error on R.C. 2929.19(B)(2)(c) Advisements*

{¶ 11} In the first assignment of error, appellant argues that his sentence was unlawful because the trial court failed to comply with the Tokes mandatory sentencing advisements set forth in R.C. 2929.19(B)(2)(c). The State concedes this error and concurs with appellant that the case must be remanded for a resentencing hearing, to be conducted in conformity with R.C. 2929.19(B)(2)(c). Our review of the record shows likewise.

{¶ 12} As held by this court in *State v. Fenderson*, 2023-Ohio-2903, ¶ 76-77 (6th Dist.),

> Under R.C. 2929.19(B)(2)(c), if the sentencing court imposes a non-life felony indefinite prison term, it must notify the offender of all of the following: (i) That it is rebuttable he presumed that the offender will be

4.

released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in [R.C.] 2967.271. . ., whichever is earlier; (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under [R.C.] 2967.271. . ., the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification; (iii) That if, as described in [R.C. 2929.19](B)(2)(c)(ii). . ., The department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of the time the department determines to be reasonable, subject to the limitations specified in [R.C.] 2967.271…; (iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in [R.C. 2929.19](B)(2)(c)(i) and (ii). . . More than one time, subject to the limitations specified in [R.C.] 2967.271. . .; (v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

*Ohio courts agree that a trial court errs where it fails to make these mandatory advisements at the sentencing hearing. Because the trial court failed to make these advisements at the sentencing hearing, we remand this matter to the trial court 'for the limited purpose of permitting the sentencing court to provide the mandatory notifications.' State v. Kelly*, 2022-Ohio-3628, ¶ 9 (1st Dist.). (Emphasis added).

**{¶ 13}** As both parties concur, and in accord with *Fenderson* and *Kelly*, the sentencing transcript in this case shows that the trial court failed to make the R.C. 2929.19(B)(2)(c) Tokes mandatory advisements at the sentencing hearing, necessitating that this case be reversed and remanded to the trial court for the limited purpose of a resentencing hearing, in order to permit the trial court to provide the mandatory notifications.

5.

{¶ 14} Accordingly, we find appellant's first assignment of error well-taken.

*Second Assignment: Overmyer's Testimony of Plea Agreement*

{¶ 15} In appellant's second assignment of error, appellant argues that the trial court erred in permitting the State to elicit testimony, without objection, by Overmyer, the co-defendant, regarding the plea agreement and punishment in his corresponding aggravated possession of drugs conviction arising from the same incident. We do not concur.

{¶ 16} As held by the Ohio Supreme Court in *State v. Skatzes*, 2004-Ohio-6391, ¶ 183, "[P]rosecutors can elicit or disclose information about plea agreements to blunt or foreclose unfavorable cross-examination revealing that [witnesses] agreed to testify in exchange for favorable treatment by the prosecutor. *State v. Cornwell* (1999), 86 Ohio St.3d 560, 571."

{¶ 17} The trial transcripts reflect that in testifying in this case, Overmyer first testified, "I picked [appellant] up from work. . .[We first] went back to [appellant's] house. . .We [then] got [back] in the car and [were] driving. . .I got pulled over [for] driving too fast. . .[I was under the influence of] crystal meth. . .[We were going to go to my house and] smoke meth. . .[The bag of methamphetamines recovered under the passenger seat] belonged to [appellant]."

{¶ 18} In testifying regarding his plea agreement and punishment on his aggravated possession of drugs conviction, direct inquiry of Overmyer was made, "You pled guilty because you knew those drugs were in your car, right?" Overmyer replied,

6.

"Yes." Direct inquiry was next made, "And you got community control to go to treatment [because] that's what you wanted, correct?" Overmyer replied, "Yes." Further direct inquiry was made, "Part of your plea deal was just to make yourself available to testify [and to] testify truthfully and accurately to the best of your ability, correct?" Overmyer replied, "Correct." Lastly, direct inquiry was made, "The only thing required from your plea. . . Was to make yourself available [to] testify truthfully, and accurately. . .correct?" Overmyer replied, "Yes, sir."

{¶ 19} In principal support of the second assignment of error, appellant characterizes and speculates, "Based on the light sentence received by Mr. Overmyer, the jury may have been more inclined to find appellant guilty, falsely believing he would receive a similar sentence." Appellant's position lacks any support in the record and appellant likewise references none.

{¶ 20} We have carefully reviewed and considered appellant's argument. We find that appellant has failed to demonstrate any impropriety or due process breach arising from the above-quoted testimony plea agreement and punishment testimony by Overmyer, or on any other basis.

{¶ 21} Overmyer's testimony regarding his aggravated possession of drugs conviction, arising from the same incident as appellant's aggravated possession of drugs conviction, was permissible co-defendant plea agreement testimony under *Skatzes*.

{¶ 22} Accordingly, we find appellant's second assignment of error not well-taken.

*Third Assignment: Ineffective Assistance of Counsel*

7.

{¶ 23} In appellant's third assignment of error, appellant similarly argues ineffective assistance of counsel, on the same substantive basis underlying the second assignment of error, arguing that, "trial counsel was deficient [when] trial counsel failed to request a mistrial when the state presented testimony to the jury of Overmyer's plea agreement."

{¶ 24} As held by this court in *State v. Alexander*, 2023-Ohio-2708, ¶ 62-63 (6th Dist.),

> Pursuant to *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a claim of ineffective assistance of counsel first requires a showing that counsel's representation fell below an objective standard of reasonableness. *Bradley* at 142, 538 N.E.2d 373, quoting *Strickland* at 687-688, 104 S.Ct. 2052. Trial counsel is entitled to a strong presumption that their conduct falls within the wide range of reasonable professional assistance, with a highly deferential scrutiny of counsel's representation. *Bradley* at 142, 538 N.E.2d 373, quoting *Strickland* at 689, 104 S.Ct. 2052. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance. *Bradley* at 142, 538 N.E.2d 373. Once an error by counsel is demonstrated, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bradley* at 146, 538 N.E.2d 373, quoting *Strickland* at 694, 104 S.Ct. 2052. In other words, the deficient performance must have been so serious that, were it not for counsel's errors, the result of the trial would have been different. *State v. Wielinski*, 2018-Ohio-778, 108 N.E.3d 185, (6th Dist.), ¶ 69, quoting *Bradley* at 141-142, 538 N.E.2d 373.

{¶ 25} As applied to this case, and in alignment with our finding in response to appellant's second assignment of error, we find that appellant cannot demonstrate that,

8.

but for making a meritless motion for a mistrial, on the basis of the co-defendant's permissible plea agreement testimony, the outcome of the case would have been different.

{¶ 26} Accordingly, we find appellant's third assignment of error not well-taken.

{¶ 27} Based upon the foregoing, the judgment of the Huron County Court of Common Pleas is hereby affirmed in part and reversed in part. The matter is remanded for resentencing in accordance with this decision as to the first assignment of error. The parties are hereby ordered to split the costs of this appeal pursuant to App.R. 24.

Judgment affirmed in part and reversed in part
and remanded for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, P.J. | [[Applied Signature]] |
| | JUDGE |
| Gene A. Zmuda, J. | [[Applied Signature 2]] |
| | JUDGE |
| Myron C. Duhart, J. | [[Applied Signature 3]] |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.